**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-27049-CIV-DAMIAN**

**EMORY ANDREW TATE**
**And TRISTAN TATE,**

Petitioners,

v.

**TODD BLANCHE,**
**MARCO RUBIO,**
**PRISCILLA PEREZ LOPEZ, and**
**E.K. CARLTON,**

Respondents.
_________________________________/

**ORDER TO SHOW CAUSE**

**THIS CAUSE** is before the Court on Petitioners, Emory Andrew Tate and Tristan Tate's ("Petitioners"), Petition for a Writ of Habeas Corpus ("Petition") [ECF No. 1], filed on October 7, 2026.

THE COURT has reviewed the Petition and the record in this case and is otherwise fully advised. Petitioners seek the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the Petition, they challenge their confinement in federal custody based on a pending extradition request from the United Kingdom and seek release from detention on bond conditions. Pet. at 5, 66.

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). The Eleventh Circuit has made clear that "[t]he petition for writ of habeas corpus is the sole remedy for petitioners challenging the fact or duration of their imprisonment." *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir.

2015); *see also Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973)). Upon entertaining a § 2241 habeas corpus petition, a court "shall forthwith award the writ of habeas corpus or issue an order directing the respondent to show cause why the writ should not be granted . . . . The writ[] or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

Accordingly, it is hereby **ORDERED** as follows:

1. Respondents are directed to **SHOW CAUSE** why the Petition [ECF No. 1] should not be granted and Petitioners ordered to be released. In light of the fact that the Petition is 65 pages long and includes a substantial amount of legal argument, this Court finds good cause to extend the deadline for a Response beyond the three days set forth in the statute. Accordingly, on or before **October 21, 2026**, Respondents shall file a memorandum of fact and law ("Response") to show cause why the Petition should not be granted and shall file all documents and transcripts necessary for resolution of the Petition. *See* 28 U.S.C. § 2243 (requiring that a response to an order to show cause "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

2. Counsel for Respondents shall immediately, in writing, notify the Court of receipt of this Order and the name of the attorney(s) to whom the case is assigned.

3. Counsel for Respondents is instructed to caption the response a "Response" and not a "Motion to Dismiss."

4. Petitioners may, but are not required to, file a reply within **five (5) days** after Respondents file their response. Any such reply shall not exceed ten (10) pages. *See* S.D. Fla. L.R. 7.1(c).

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 10th day of October, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

CC: Counsel of Record